# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

---

### Case No. 23-3237
_____

**BIO GEN, LLC, ET AL,**
*Plaintiffs-Appellees*

v.

**SARAH HUCKABEE SANDERS, ET AL.,**
*Defendants-Appellants*

_____

### APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF ARKANSAS
### JUDGE BILLY ROY WILSON, PRESIDING
_____

### MOTION FOR LEAVE TO APPEAR AND FILE
### BRIEF OF *AMICUS CURIAE*
### HEMP INDUSTRIES ASSOCIATION
### IN SUPPORT OF APPELLEES FOR AFFIRMANCE
_____

Lee Curry, Attorney-at-Law
3548 Village Walk Drive
Bryant, AR 72022
(870) 510-1433
Lee@LeeCurryLawFirm.com

Attorney for *Amicus Curiae*

Hemp Industries Association (HIA) moves the Court pursuant to Rule 29 of the Federal Rules of Appellate Procedure for leave to appear as *amicus curiae* and file the attached brief in support of Plaintiffs-Appellees Bio Gen, LLC, Drippers Vape Shop, LLC, Sky Marketing Corporation, and The Cigarette Store, LLC. Plaintiffs-Appellees and Defendants-Appellants both consent to the filing of this amicus curiae brief. HIA pleads as follows in support of this motion:

1. The Hemp Industries Association ("HIA") is the longest standing non-profit trade association advocating for farmers and small business owners dedicated to the redevelopment of the American hemp supply chain—whether grown for grain, fiber or cannabinoid production. Since 1994, HIA has represented those who have invested their time and treasure in producing hemp and manufacturing hemp products by advocating for responsible regulations surrounding the production of hemp and promoting best practices in the manufacturing of hemp derived cannabinoid products like testing, labeling, packaging and appropriate age restrictions.

2. HIA supports the freedom of Americans to make a living by growing, processing, manufacturing and selling hemp and hemp derived

1

products regardless of the end use of the crop as intended in the 2014 and 2018 Farm Bills. HIA has long supported the adoption of industry standards designed to increase quality control standards through uniform labeling, testing and packaging and, where appropriate, age restrictions of hemp derived products. HIA's goal is to renormalize hemp as an agricultural product with quality control standards comparable to any other agricultural goods, whether it be animal feed, foods or dietary supplements for human consumption or textiles in the clothing and construction industries.

3. To this end, HIA strives to educate stakeholders on the importance of ensuring laws and regulations position American farmers to compete in a national and international marketplace, increase consumer protections and quality-control standards for consumable hemp products without sacrificing broad consumer access, and any other actions needed to make hemp production for grain, fiber and cannabinoids a viable market for responsible farmers and other entrepreneurs. HIA members must commit to a code of ethics consistent with these goals.

4. HIA has an interest in this case because it supports the normalization of hemp as an agricultural product, whether it be grain, fiber, or cannabinoids, in which people can invest their time and treasure with confidence. Popular hemp-derived cannabinoid products like Delta-8 THC have become a crucial product for the economic viability of the HIA's members and the overarching national marketplace. We are excited to see other yet to be discovered and rediscovered opportunities hemp provides American farmers and entrepreneurs.

5. The amicus curiae states that (i) no party's counsel authored this brief in whole or in part; (ii) no party or party's counsel contributed money that was intended to fund preparing or submitting this brief; and (iii) no other person contributed money that was intended to fund preparing or submitting this brief other than the amici and its counsel. *See* Fed. R. App. P. 29(a)(4)(E).

6. The Court should permit the filing of the attached amicus brief in this case. As noted, HIA advocates for responsible regulations surrounding the production of hemp and advocates for the normalization of hemp as an agricultural product including hemp derived cannabinoid products like Delta-8 THC. The district court's preliminary injunction in

3

this case affirms that mission and protects its members who live in Arkansas who have invested their livelihoods in development of the legal hemp industry. Furthermore, members of HIA who do not live in Arkansas but conduct business in Arkansas are also impacted by this litigation as they have invested in the development of a robust and thriving hemp market in the state.

7. The amicus brief both supplements arguments made by Plaintiffs-Appellees and provides distinct arguments relevant to the broader interest in Arkansas and across the United States. In particular, the amicus brief makes additional arguments to show that Defendants-Appellants, along with amicus curiae American Trade Association for Cannabis and Hemp, erroneously conflate those hemp-derived products as protected and defined by the 2018 Farm Bill with illegal compounds. In addition, the brief dispels those unfounded allegations that hemp-derived products are unregulated and represent a public safety hazard. Moreover, the brief addresses the significant economic impact hemp-derived products have had upon the national market. Finally, the brief further addresses the term of "production" as referenced in the 2018 Farm Bill and provides additional insight as to the proper interpretation

4

of that term of art. The movant respectfully submits that the arguments in the attached brief of amicus curiae will be helpful to the Court.

8. The attached amicus brief does not prejudice the Defendants-Appellants. The Motion is timely and within the maximum length contemplated by Rule 29.

The Hemp Industries Association respectfully requests that the Court grant its motion for leave to file the attached brief as amicus curiae.

Respectfully submitted,

/s/ Lee Curry
Lee Curry, Attorney-at-Law
3548 Village Walk Drive
Bryant, AR 72022
(870) 510-1433
Lee@LeeCurryLawFirm.com

Attorney for *Amicus Curiae*

## CERTIFICATE OF SERVICE

I, hereby certify that on this 24th day of January, 2024, I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Lee Curry

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the motion exempted by Fed. R. App. P. 32(f), this document contains 805 words.

This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) it is as it is prepared using Microsoft Word for Microsoft 365 MSO Version 2312, including a proportionally spaced font with Century Schoolbook, size 14 font.

/s/ Lee Curry