

Asher Steinberg  
Senior Assistant Solicitor General

Direct Dial: (501) 682-1051  
E-mail: asher.steinberg@arkansasag.gov

December 3, 2024

Maureen W. Gornik  
Acting Clerk, United States Court of Appeals for the Eighth Circuit  
Thomas F. Eagleton Courthouse  
111 South 10th Street, Room 24.329  
St. Louis, MO 63102

    Re:   *Bio Gen, LLC, et al. v. Sarah Huckabee Sanders, et al.*,  
           No. 23-3237

Dear Ms. Gornik:

    I write to inform the Court of a recent district court decision rejecting an implied-preemption challenge to a New Jersey law that regulated hemp more stringently than federal law, *Loki Brands, LLC v. Platkin*, No. 24-9389, 2024 WL 4457485 (D.N.J. Oct. 10, 2024). While federal law defines hemp as any cannabis with a Delta-9 THC level of 0.3% or less, New Jersey's law defines hemp as cannabis with a total THC level of 0.3% or less, thus banning products with high levels of THCs other than Delta-9. *See id.* at *4.

    Rejecting Bio Gen's main argument for preemption in this case, the district court held that "the mere change of the definition of 'hemp' . . . does not mean that [New Jersey's law] is unconstitutional or preempted," *id.* at *8, and that under the Farm Bill's anti-preemption clause "the New Jersey Legislature can continue to otherwise regulate the production of hemp as stringently as it would like so long [a]s it does not prohibit the transportation or shipment of hemp products," *id.*[1]

---

[1] The district court did find a violation of the Farm Bill's express-preemption clause, because the New Jersey law's savings clause for transportation of hemp

323 CENTER STREET, SUITE 200  
LITTLE ROCK, ARKANSAS 72201

With that decision, one court of appeals and a total of eight district courts spanning five other circuits—in Alaska, California, Hawaii, Iowa, South Dakota, Virginia, Wyoming, and now New Jersey—have rejected implied-preemption challenges to laws like the one at issue here, with the district court below the sole outlier. *See* Appellants' Br. 30-31; Appellants' Citation of Supp. Auth. (Aug. 1, 2024).

                                        Respectfully submitted,

                                        <u>*/s Asher Steinberg*</u>
                                        Asher Steinberg
                                        Senior Assistant Solicitor General

---

products inadvertently failed to save transport of out-of-state products due to the law's definition of hemp products as those manufactured and sold in New Jersey. *See id.* Arkansas's law's transportation savings clause does not contain a similar limitation. *See* Ark. Code Ann. 5-64-215(d).