

Asher Steinberg  
Senior Assistant Solicitor General

Direct Dial: (501) 682-1051  
E-mail: asher.steinberg@arkansasag.gov

January 8, 2025

Maureen W. Gornik  
Acting Clerk, United States Court of Appeals for the Eighth Circuit  
Thomas F. Eagleton Courthouse  
111 South 10th Street, Room 24.329  
St. Louis, MO 63102

      Re:    *Bio Gen, LLC, et al. v. Sarah Huckabee Sanders, et al.*,  
            No. 23-3237

Dear Ms. Gornik:

      I write to inform the Court of the Fourth Circuit's decision yesterday rejecting a preemption challenge to a Virginia law that regulated intrastate hemp sale and possession more stringently than federal law, *Northern Virginia Hemp & Agriculture, LLC v. Virginia*, — F.4th —, 2025 WL 37238 (4th Cir. Jan. 7, 2025). In upholding Virginia's law, the Fourth Circuit joined the Seventh Circuit in rejecting preemption challenges to state regulations of hemp, with no court of appeals decisions to the contrary.

      Rejecting the same arguments for preemption Bio Gen makes here, the Fourth Circuit explained that "the 2018 Farm Bill expressly sanctions state regulation" by authorizing state regulation of hemp production that is "more stringent than federal law." *Id.* at *10. Though it acknowledged that that savings clause only speaks to hemp production, it reasoned that "silence cannot constitute" preemption. *Id.* It rejected the plaintiffs' claim, echoing Bio Gen's, that "Congress intended to create a nationwide hemp market," *id.* at *11, noting that "nothing in the statutory text" or "any other authority" evinces that intent, *id.*, and that Congress's "expressly permitting" more stringent regulation of hemp

production indicates just the opposite, *id*. And it rejected the claim, advanced by Bio Gen here, that "[s]tates are not permitted . . . to define what constitutes hemp." *Id*.

                Respectfully submitted,

                */s Asher Steinberg*
                Asher Steinberg
                Senior Assistant Solicitor General